219-0681, U.S. Bank Plaintiff-Appellee v. Rita Benavides, Defendant-Appellant. Arguing for the Appellant, Giovanni Raimondi. Arguing for the Appellee, Joseph M. Erbis. All right, Mr. Raimondi, you may proceed. Good morning, panel. May it please the Court, Giovanni Raimondi on behalf of the Appellant. I'm going to keep this brief because I believe the issue is a very narrow issue. And the central issue before this Court is whether service should be quashed where a summons fails to identify the party to be served as a defendant on the summons and the summons is not directed to anyone, contrary to in violation of Supreme Court rule and Illinois Code of Civil Procedure. Here, the statute implicated is 735 ILCS 54-2-2018, which states in relevant part, the form and substance of a summons shall be according to rules. That rule here is Illinois Supreme Court rule 101-8, which states in relevant part, the summons shall be directed to each defendant. In this case, a review of the record proper, specifically C-63, reveals that the summons was not directed to any person. Now, the plaintiff argues that this is a mere technical deficiency that did not deprive the court of personal jurisdiction over Ms. Benavides. However, the issue with the summons do not stop there. There's a second defect in the summons. Specifically, the summons did not identify Ms. Benavides as a defendant in violation of 735 ILCS 54-2-201C. Now, in construing the meaning of this statute, the primary objective of this court is to ascertain and give effect to the intent of the legislature. And all other rules of the statutory construction are subordinate to this cardinal rule. The plain language of the statute is the best indicator of the legislature's intent. And now, because the statute's language is clear, it must be given effect without resort to any aids of statutory construction. Here, to determine if the omission of the word defendant was one that deprived the court of personal jurisdiction, the court is being asked to interpret 2-201C, which provides in relevant part, a court's jurisdiction is not affected by a technical error in format. Of a summons, if the summons has been issued by the clerk of the court, the person or entity to be served is identified as a defendant on the summons and the summons is properly served. The statute goes on to state that this subsection is declarative of existing law. Now, looking at 2-201C's clear language, it identifies three defects, which, according to the language, do not affect the court's jurisdiction. One, not being issued by the clerk. That would deprive the court of jurisdiction under the language. Second, and apart from that, not identifying the person or entity to be served as a defendant on the summons. That alone deprives the court of jurisdiction according to the clear language of 2-201C. Here, we have that defect. Ms. Benavidez was not identified as a defendant on the summons. Though the court is not required to look into case law because of the clear language of the statute, I submit to the court that Ryan v. Zoning Board of Appeals 2018 ILAP 1-172669 is on point here. And in that case, the party was identified as a defendant, not in the caption, but in the lower portion of a single-page summons. There, the appellate court, in construing the language of the newly enacted 2-201C, noted compliance because the person to be served was identified as a defendant on the summons. Now, plaintiff will attempt to utilize the attached service list to argue that Ms. Benavidez was identified as a defendant on the summons in compliance with the newly enacted 2-201C. However, this interpretation omits the legislative history where an attached page was initially utilized in the proposed language, but was later intentionally omitted in the past statute. This omission from the final version of the law must be acknowledged for its significance. We are not free to insert such an interpretation that the legislature specifically omitted. This court has noted that a summons must stand on its own. That was Arch Bay Holdings Series 2010B v. Perez, 2015 ILAP 2-141117. Last, plaintiff is going to try to persuade this court and argue that defendant's argument places form over substance. But plaintiff couldn't be more wrong. Again, we turn to 2-201A, which uses the word form separate and apart from the word substance when advising that the form and substance shall be according to rules. Now, 2-201C comments about the format, but makes certain requirements about the substance. At issue here is a section that reads, the person or entity to be served is identified as a defendant on the summons. Turning to the summons in this case, it is not the form summons that's found on the Illinois Supreme Court website, and it is not the DuPage County form that can be found on its website. In fact, it's the law firm's own form. And in deciding to use its own form summons, the identifier of defendant is specifically omitted, unlike those forms found on the DuPage County website and the Illinois Supreme Court website. In omitting this identifier, plaintiff altered and changed the substance and content of the summons available to the public. In a more recent opinion, the 2nd District was called to ask a similar question in Bank United National Association v. Giusti, 2-20-IL-AP-2-190522. However, the court's opinion there in trying to determine whether his summons was facially defective, thus depriving the court of personal jurisdiction, the opinion did not rely on 2-201C. Now, we can't forget who prepared the summons. It is not a pro se litigant, but an attorney that has the benefit of a legal education, benefit of passing the bar, hired specifically to prepare a summons. Perez, although plaintiff tries to argue that it's overruled, it's not. Nothing can be further from the truth. In fact, 2-201C, I believe, codified Perez and Ohio Millers and clarified the existing law, did not alter it. And last, I want to mention to the court that Ms. Benavidez continues to reside in the property. She wants to save her property. She also continues to pay use and occupancy to state enforcement of the OAS. Defendant asks that the court reverse the court's denial of the motion of caution and remand the matter for further proceedings. I'll reserve my remaining time for rebuttal. Thank you very much. All right. Justice Jorgensen, do you have any questions? Justice Jorgensen? Sorry. I was being so good and put my mute button on. I forgot to take it off. Sorry. I know. I didn't say. No problem. My question is, how did the summons that was used here differ from the DuPage County form provided by the circuit clerk? Great question, Your Honor. The DuPage County form specifically identifies the parties above and below the V as plaintiff and defendant. In the summons utilized by the bank's counsel, the identifiers of plaintiff and defendant are not there. They're specifically omitted. I'm sorry. Is that the only difference? There's content above on the top of the header that says this is an attempt to collect the debt. That isn't found on the DuPage County form as well. Okay. Is that substantial compliance? I don't believe it is, Your Honor. Under the clear language of 2201C, compliance has to be that the individual to be served is identified as a defendant. Here, there can be no substantial compliance because under the clear language of the statute that was enacted that codifies existing law says it has to have that identifier. Failure to have that identifier is not substantial compliance. That is a material omission of substance that we submit barred the court from ever having personal jurisdiction over defendant. What other possible role could your client have had in this proceeding? I don't know, Your Honor. And the thing is, we need to focus on the fact that this is not someone that filed the lawsuit. This is someone that's a stranger to any kind of lawsuit. This is a foreign speaker. So, the fact that I believe... Right, but counsel, respectfully, the issue is whether the summons stands or falls on its face. It has nothing to do with the educational background of the would-be defendant. So, my question is, what other role could she have played in this lawsuit? I don't know, Your Honor. I mean, I haven't asked her what she thought what other role she could have played. Okay. I have no further questions. Justice Hutchinson, thank you. Thank you. Now, Justice Hudson. Yes, thank you. I do have some questions. Mr. Rimondi, in your argument, you referenced this court's decision in the Arch Bay holding matter, correct? Yes, Your Honor. All right. Is that case not distinguishable from the fact pattern in this case? As I understand, in Arch Bay holding, in that case, the defendant's name was completely missing from the face of the summons. Is that correct? That is correct, Your Honor. In this case, Ms. Benavidez was identified on the face of the summons with her correct name and correct spelling. However, she was not, on the face of it, named as a defendant, and that's essentially your argument, correct? That is correct, Your Honor. Okay. And we talked about substantial compliance, Rule 101, as we know. And we talked about the well-settled case law that says the court should not elevate form over substance. And your argument clearly is this is not doing that. But sort of picking up on Justice Jorgensen's point, looking at this also through the lens of common sense and logic, if somebody is given a legal document, a summons that clearly has their name on it, lists their name, spells it correctly, and it's clearly part of some litigation, are we to announce a rule then that that person should, because there's no designation, plaintiff or defendant, it's reasonable for them to ignore the summons and just, you know, toss it and don't deal with it at all? How do you respond to that argument? I submit to the court that the focus should be on who's preparing the summons. How can we allow that basically a slippery slope of, well, substantial compliance of a summons, what else could be omitted that would vest the court with jurisdiction? Because we know under the case law that notice is only part of the purpose of the summons. It's also to vest the court with jurisdiction. And if a summons fails to comply with the statute here at 2201C, it doesn't accomplish that second purpose. And we also know from the case law that notice of litigation is not equivalent to personal jurisdiction. So I would submit to the court in answering your Honor's question that the focus should be on who prepared it and how many free passes is the plaintiff's bar going to get in terms of failing to comply with the clear language of the law and the statute? Let's look at the legal and the factual underpinnings and rationale for some of these decisions. I mean, I suppose it's plausible to argue that if a document arrives at somebody's house, even if it looks like a legal document that could be multiple people living there and it doesn't identify who it pertains to, you might say, well, the person might decide, hey, this really doesn't have anything to do with me. But if your name is currently on a legal document and clearly involving litigation, I think that's a little different than having your name missing completely from the document. But those are the only questions that I have. Thank you, Your Honor. Thank you, Justice Hudson. Mr. Raimondi, you said that one of the purposes of a summons was to create jurisdiction within the court and the other was to give notice. Isn't it true that your client, during the course of this litigation, while maybe not appearing and filing motions and petitions, did actually engage in an attempt to modify the loan as well as, I think, what else? And she then, on the day of the sale or the confirmation of the sale, she filed bankruptcy? Yes, the history is such that Your Honor is correct. So, in fact, she did have notice and she knew that there was something she could do and she did it. Isn't that true? It is true, Your Honor, that she did have notice. But, again, our position is that notice does not equate to personal jurisdiction. What Your Honor is raising is a similar argument that a plaintiff raised in a First District appellate case, Studenovitz v. Queen Park Oval Asset Holding Trust, 2019 ill at first 181-182, where the plaintiff essentially argued what Your Honor is trying to highlight. There, the defendant was identified on the summons as just Queen's Park by an abbreviated name and not Queen's Park Oval Asset Holding Trust. There was no dispute in that case that the registered agent of the trust was served. There was no dispute that the trust was actively participating in attempts to settle the case. And when settlement efforts fizzled out, what ended up happening is the trust filed a Section 2-1401 petition arguing that the court didn't have any jurisdiction. And the First District agreed in quashing service that even though there was knowledge of the case, even though there was active participation to settle the case by the trust, that in and of itself was not enough to say that the court had personal jurisdiction. But the name of that particular entity was wrong. It did not relate to the defendant in this case. So are you saying that Rita Benavides is not your client's name, that she has a different name that she is known by? No, I'm not saying that, Your Honor. But what I am saying is in the Studenovitz case, Queen's Park was the common name that was used by the trust. So it knew there was a case going on. It knew that the registered agent had been served, but it wasn't proper service because the summons was defective. Here, I'm arguing the same issue. I'm saying that because there is no identifier of defendant on the summons, it doesn't matter whether there was notice or participation in the case to try to settle. It matters that was the summons compliant with the law or not? All right. As I said, one of the other issues is the identity of the defendant. Justice Jorgensen asked you a question, and you did answer it, but now I'm going to ask a bit more pointed one. Does your client or did your client at the time of this service think that she was a bank? I didn't ask my client that question, Your Honor. Did she think she was suing the bank? I didn't ask my client that question either. Did she know that she lived in that house? Yes, Your Honor. She knew she resided at that house. Okay. So if you look at the caption, there is a bank or a Nation Star Mortgage Company, some entity that deals with money, and then there are several different persons listed, Rita being listed first. So if you just look at the summons, as we have to do, if she's not a bank, and although you don't know that, but I think it's pretty common sense she probably isn't, then she's not bringing the lawsuit. She has to respond to the lawsuit, which would make her a defendant, correct? Having the benefit of a legal education, Your Honor, practicing in this area for quite some time, I know that. Okay. All right. One other, with your practice of quite some time, why did you cite a Rule 23 in your brief? In the footnote, Your Honor, I tried to explain why that was, because I believe that just using the proposition of what it stood for was fine under the case that was cited in the footnote. But also in my reply, I do ask the court or advise the court that we do acknowledge that it was an unpublished opinion, but that we want to use the reasoning of the opinion, not necessarily the opinion itself. Well, that particular Rule 23 was based upon several other properly published opinions that you could have used. Why didn't you use those instead? We did use the Perez opinion, Your Honor. I thought it might be prudent to show, I guess, that Perez continued on in the uncited opinion more recently. Well, as you know, I'm sure, Supreme Court rules, including Rule 23, is not an invitation or an aspiration. It's a rule. So I would suggest you not otherwise cite unpublished opinions in the future. All right. I have no additional questions at this time. Thank you. And then when Mr. Herpes is ready, he may proceed. Good morning, and may it please the court. My name is Joseph Herpes, and I'm counsel for the plaintiff appellee. We ask this court to affirm the orders of the circuit court that denied the defendant appellant's motion to quash service and motion to reconsider. Our arguments are set forth in our brief, but there are a few things I'd like to highlight. First, the defendant brought up the Bank United opinion that came down last month. And that opinion is directly on point. The issues raised at Bank United are the same allegations that are being raised here, that the word defendant was not listed in the caption of the summons, and that the defendant was alleging that his name was not listed following to each defendant on the first page of the summons. The court in Bank United found that those alleged defects in the summons did not preclude the court from obtaining personal jurisdiction over the defendant, and it did so for all the reasons that we argue in our brief, which is that the summons substantially complied with the form set forth in Supreme Court Rule 101D. The court also noted, as this court brought up in questioning counsel, that the purpose of the summons is to notify the party that an action had been commenced against him, that summons are to be construed liberally, and that the court should evaluate form over substance. The arguments that were rejected by the court in Bank United are the same arguments that are being raised in this appeal. The defendant in this appeal argues that page one of the summons does not have the word defendant in the caption, and that her name is not listed following the line to each defendant on the first page of the summons. However, a review of the complete summons demonstrates that the summons clearly identified Rita Benavidez as a defendant in this case. First, there could be no confusion that this action was commenced against her. The caption says, Nation Star Mortgage versus Rita Benavidez. This clearly demonstrates that it's an action filed by Nation Star Mortgage and against her. The first page of the summons also states, to each defendant, and then below indicates, see the attached service list. The last page of the summons has a service list. That page also has the case caption, and the word defendants is listed under her name in the caption. The last page also has her name and address identified under the please serve section on the last page of the summons. The defendant acknowledges that her name appears in the caption on the last page of the summons, and the defendant has never disputed receiving the last page of the summons. The defendant has never argued that when she received the summons she was confused in any way. The inclusion of the defendant's name on page one of the summons and on the last page of the summons clearly put her on notice that she was a defendant that was being served. Even if that wasn't enough, the summons is served with the complaint, and the complaint clearly identifies her as a defendant both in the caption and the body of the complaint. Now the cases where the summons have been found to be invalid are completely different than the allegations in this case. In Arch Bay, that was a situation where the summons didn't name the defendant at all. The quote from Arch Bay was that a summons that does not name a person on its face and notify him to appear is no summons at all so far as the unnamed person is concerned. The summons in this case is quite different. The summons has the defendant's name right on the first page. Her first and last name are properly spelled, clearly putting her on notice that it's an action against her. In addition, her name appears on the last page of the summons. The summons in this case simply is not like the summons in Arch Bay. Instead, it's almost identical to the summons in the Bank United case where this court already found that the alleged defects in the summons  This court is to apply a liberal construction of summons and with the liberal construction, in this case, clearly establishes that the summons complied with the requirements of the Supreme Court rules and the alleged defects are nothing more than a technical error in the format of the summons that does not affect this court's jurisdiction. Therefore, we ask this court to affirm the orders of the circuit court. That concludes my argument. However, I'll be happy to answer any questions this court may have. Okay, Justice Jorgensen, do you have any questions, please? Yeah, basically my question to you is that, you know, as pointed out, you're a large law firm. You can't get a summons right? Well, we think we did get it right. It has the parties on the... Wait, wait, wait, wait. The rule is pretty clear. And it says you shall designate plaintiff and defendant. Now, you can argue that potentially it's enough, but it doesn't comply with the Supreme Court rule form. It doesn't comply with the DuPage County form. Isn't this just plain sloppy? I wouldn't call it sloppy. Obviously, we would have liked to include the word defendants in the caption. But I'll admit that it's not identical to the form, but it doesn't have to be the... Just has to be substantially adopt the form provided in Supreme Court rule 101. All right. Does it matter that you are a law firm and the defendant here is pro se without experience, as counsel points out? There's certainly no case law that says that that would invalidate a summons if the party is pro se or not legally trained. And Supreme Court rule 101-D simply says that the form has to be substantially with the form, which our summons does. All right. Let's say that substantially you left out the word summons. It's only one word. Where do we draw the line here? In the slippery slope between technical defects and substantive defects. I think the Arch Bay case sets that line forward. If you don't name the defendant anywhere on the face of the summons, that makes the summons defective. And I think that's consistent with what the case law has said for years. Okay. I have no further questions. Justice Hudson, questions? Yes, I do have a question. Mr. Armani alluded to the recent amendment to section 2-201 of the code that states the court's jurisdiction is not affected by technical error informant of a summons if the summons has been issued by the clerk of the court and the person or entity to be served is identified as a defendant on the summons. It doesn't say is identified on the summons. It says identified as a defendant on the summons. So if we were to accede to your argument, are we ignoring that plain language? What is the purpose of the words as a defendant? Well, the 201C says it appears on the summons. And if you look at the last page of the summons, she does appear as a defendant on the summons. The caption lists her name, lists the word defendant under her name, and then identifies her name and address. So our summons does comply with 201C in that the language in 201C simply says it has to appear on the summons. It doesn't necessarily say it has to appear on the first page of the summons. It is part of the summons. Page 6 clearly identifies her as a defendant. So that's why that section is applicable to this case. How does that square with the Arch Bay Holdings? The Arch Bay Holdings did not first use the term face of the summons, meaning the first page. So our case is different than Arch Bay because her first and last name clearly appear on the first page. The Arch Bay case made it really clear that if you got a summons and the defendant is not identified at all, that's no summons as to that specific party. That's not the same here. Rita Benavides, her name is clearly on the first page. And also, her name appears on the last page with the word defendant clearly under her name in the caption and then lists her name and address. Although you're acknowledging then that on the face of it it does not say Linda Benavides, defendant. Correct? On the first page. 01C doesn't specifically say face of the summons. It just says on the summons, which would certainly suggest that the defendant's name could be allowed to appear on an additional page. All right, thank you. That's all I have. All right. Counsel, there seems to be in the cases some question about what is the summons. Is it the face page? Is it the multiple documents attached to it? And if you look at, I believe it would be 101 that sets the actual summons format, it doesn't have extra pages for the service of process and things of that nature. So how can you rely on the fact that, as you say, on the last page of the summons, it doesn't say it's a part of the summons, does it? Well, it is. It's filed with the court as part of the summons. It's served on the defendant as part of the summons. And then I think the language, I think that since it's filed with the court and served with the defendant, all attached together, it certainly is part of the summons. So you're saying that Ms. Benavides got the face page of the summons and she got the entire service list when she was served or when the summons was left at the house? Absolutely. With all of the other defendants? Absolutely. And she's never argued otherwise. All right. You know, Justice Jergensen asked a very important question. Why? What's the problem with putting plaintiff and defendant on the first page of the document, which is the critical one, the first page of the summons? How does it get left off? I imagine it would be because of the spacing when you have a lot of parties and you're trying to fit everything into one page. And I think the form from another court also didn't have that same, didn't have the word plaintiff and defendant, not necessarily for DuPage, but in a different court. I think that's how it happened. Well, I mean, you're saying that the summons could be multiple pages, five, six, seven pages. So what does it matter if there are a lot of parties and you have to go, your basic summons goes to more than one page? That's a good question. The Arch Bay case had indicated that it had to be on the face of the summons, and then because it can be multiple pages, that's why the last page of the summons does have the word defendants on there, because there's more room to fit it. All right. I don't have any other questions at this time. Mr. Rimonde, do you have any reply that you wish to offer? Yes, just briefly, Your Honor. The legislative history is very important when we're talking about the attached service list. And when 2201C was first proposed to the legislature on January 30, 2018, and this is highlighted in the brief, Your Honor, it read, a summons that otherwise complies with Supreme Court rules and is properly served is not invalidated, and the court jurisdiction is not affected by an error in format. It went on to say, a summons is not defective if the named defendant is listed on a document attached to the summons. This subsection is declared of existing laws set forth by Illinois Supreme Court in Fleishner v. Copeland. However, that language was changed, and specific sections were deleted. So in April of 2018, the proposed legislation that left the Senate and went into the House read much differently. In fact, it read, a court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by the clerk of the court, the person or entity to be served is identified as a defendant on the summons, and the summons is properly served. This subsection is declared of existing law. Now, we have to, again, account for the legislature's intentional deletion of what Mr. Herbis tries to argue to this court, that a page attached to a summons can be considered part of the summons. That is not what the final version says. We can't say that now the introductory bill was declarative of the law that was passed. No, it went through several months of revision in several different forms. Now, what we also have to account for is the fact that it doesn't say on the face of the summons, and here's why I submit. Because in Ohio Millers, there were 3,000 individual defendants, and that particular case was discussed during the passing of the bill. And how could 3,000 names be put on a single page, right? So they said, okay, it's gonna be on the summons, not on the face of the summons, meaning that that caption of the summons can go on for 10 pages, but it still constitutes the summons. Here, they're trying, Mr. Herbis is trying to argue that something different than what the legislature in fact discussed, accounted for, and eventually passed. And again, there's no proof that the service list in the record was served on Ms. Benavidez. That's all. Justice Jorgenson. I do have a follow-up question. You spoke earlier about us, that we should focus on who prepared the document vis-a-vis who received the document. But aren't we also always to hold a pro se to the same standard we would hold an attorney? That is correct, Your Honor, yes. So how would we consider that at all? I mean, how would we consider that she is not an attorney and an attorney did prepare the summons? Why is that relevant at all then? Because if we're looking at the issue of the summons, Your Honor, the summons was not prepared by her. The summons was prepared by... No, no, no. You said we should consider her status, that she didn't understand what this would mean. She's not an attorney. I mean, I grant you that an attorney here simply did not comply with the closest to the two forms available. But my question is, why is it relevant what her status is as a pro se? I believe because this is a court of equity, Your Honor. And equity, I would submit, would account for the pro se versus the attorney. But I do acknowledge Your Honor's point that everyone is held equal. If we're a court of equity, don't we consider then all of the circumstances surrounding this entire case? In terms of the summons? Mm-hmm. Yes, and one of those circumstances, Your Honor, is the fact that the summons doesn't comply with the law. Okay. I have no further questions. Thank you. Thank you. Justice Hudson. No, I don't have any additional questions. Thank you. Mr. Raimondi, notwithstanding the fact that she was not identified as a defendant, she took steps consistent with the notice that she received, not as the person suing someone, but as the person being sued. So hasn't there been the purpose of the summons served in that there has been notice and she did avail herself of jurisdiction when she filed her motions to vacate? I would submit, Your Honor, that the Studentowitz case directly addresses the issue. Notice does not equate to, or taking steps to settle a case does not equate to personal jurisdiction. And that's what the motion to quash was concerned about. Did the court have personal jurisdiction over Ms. Benavidez or not? No. All right. And you say that the file does not reflect that she received all of the documents? The record would not reflect that? I believe the record reveals that there was a return of service.  I don't want to misspeak, Your Honor. I believe it begins on page 63, continues through... I'm just trying to find the return of service. And it says substitute service  and it states type of process, summons and complaint. It doesn't say summons, service list and complaint. All right. I'll review that again. Counsel, do you have any of these cases pending in other counties? Because we have seen you rather frequently here. I mean, do you have some in Cook, some in, you know, outlying counties? I do not, Your Honor. No. Okay. All right. I don't have any other questions. Either Justice Jergensen or Justice Hudson, anything to finish up? No, thank you. I do not. Thank you. All right. Then, counsel, thank you very much for participating with us here this morning. We hope to get back to normal, whatever that might be at some time in the future. We will issue a decision in due course after considering this matter. So we will now stand in recess to prepare for our next argument. Thank you. Thank you very much, panel. Thank you. Thank you.